[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10887
Non-Argument Calendar

_____

Agency Nos. A97-630-535
A97-630-536

LISBETH DIAZ,
RUBEN ANTONIO TREJO,

                                                                Petitioners.

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 26, 2008)**

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Lisbeth Diaz and Ruben Antonio Trejo[1] petition for review of the BIA's denial of their motion to reopen their asylum proceedings in light of alleged worsening country conditions in Venezuela. On appeal, Diaz, through counsel, argues that the BIA erroneously denied her motion to reopen because, when looking at the evidence in a light most favorable to her, she presented sufficient documentary evidence of changed country conditions to reopen her case.

We review "the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted). After the BIA has affirmed an IJ's order of removal, the alien may move to have the BIA, in its discretion, reopen the removal proceedings for the submission of new evidence. See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). A motion to reopen proceedings shall not be granted unless it appears to the BIA that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1).

---

[1] Although Diaz and Trejo are named as petitioners, we will refer to the petitioners as "Diaz," as all of the incidents underlying the petitioners' motion and claims for relief relate solely to the lead petitioner, Diaz.

An applicant may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." Id.. A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The "time and numerical limitations" do not apply, however, if the motion to reopen is filed on the basis of changed circumstances in the country of the movant's nationality. 8 C.F.R. § 1003.2(c)(3). To meet this exception, a movant must show material evidence that was not available and could not have been discovered or presented at the previous hearing. Id. An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that satisfies the BIA that, if the proceedings were reopened, the new evidence likely would change the result in the case. Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). Nonetheless, "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). INS v. Abudu, 485 U.S. 94, 110, 108 S.Ct. 904, 914, 99 L.Ed.2d 90 (1988).

Upon review of the record and the parties' briefs, we discern no reversible error. Because the evidence presented by Diaz was cumulative of, and consistent with, what she submitted in her original application for asylum, she failed sufficiently to show changed condition requiring her case to be reopened. Thus,

3

the BIA did not abuse its discretion by denying Diaz's motion to reopen. Additionally, because she has not shown sufficient evidence to warrant expediency, her motion to expedite is denied.

**PETITION DENIED**